**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| MICHAEL PEEVEY, § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | CIVIL ACTION NO. _____ |
| § | |
| HYUNDAI MOTOR COMPANY, LTD. § | |
| and HYUNDAI MOTOR AMERICA, § | |
| § | |
| Defendants. § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE OF SAID COURT:**

COMES NOW, MICHAEL PEEVEY (hereinafter referred to as "Plaintiff"), and respectfully files this Original Complaint against HYUNDAI MOTOR COMPANY, LTD. and HYUNDAI MOTOR AMERICA (hereinafter referred to as "Defendants"), and in support hereof would state and show the following:

### A. Parties

1. Plaintiffs Michael Peevey is an individual, and he resides in and is a citizen of Tyler, Texas.

2. Defendant Hyundai Motor Co., Ltd. is a foreign corporation doing business in Texas, and service of process upon this Defendant may be had by serving its President at 140-2 Kye-Dong, Chungno-Gu, Seoul, Republic of Korea, via registered mail pursuant to the terms of Article 10(a) of the Hague Convention, Articles 17.042(2) and 17.045(a)(d) of the Texas Civil Practice and Remedies Code, and Rule 108a(d)(f) of the Texas Rules of Civil Procedure.

3. Defendant Hyundai Motor America is a foreign corporation doing business in Texas, and service of process on this Defendant may be had by serving its registered agent for service, National Registered Agents, Inc., 800 Brazos Street, Austin, Texas 78701.

## B. Jurisdiction

4. This Court has jurisdiction over the lawsuit under the provisions of 28 U.S.C. Section 1332. The parties to this lawsuit are citizens of different states, and the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

## C. Facts

5. On or about June 3, 2009, Michael Peevey was driving a 2005 Hyundai Santa Fe (with VIN # KM8SC73D65U898722) traveling eastbound on I-84, 68 feet west of milepost 240, in Cassia County, Idaho. Michael Peevey lost control of his vehicle, and ultimately rolled over.

6. At the time of the accident, Michael Peevey was properly seated and properly wearing his 3-point seat belt.

7. However, despite being properly restrained, Michael Peevey sustained serious injuries when his vehicle failed to protect him.

## D. Cause(s) of Action As To Defendants Hyundai Motor Co., Ltd. and Hyundai Motor America

8. It was entirely foreseeable and well-known by the Defendants that accidents and incidents involving its vehicles would on occasion take place.

9. The injury occurred because the vehicle was not reasonably designed for unintended, but clearly foreseeable accidents. The vehicle in question was unreasonably

dangerous in the event an accident should take place.

10. Defendants designed, manufactured, marketed, assembled and tested said vehicle in question to be unreasonably dangerous and defective within the meaning of Section 402(A)Restatement (Second) Torts in that the vehicle was unreasonably dangerous as designed, manufactured, assembled, marketed and tested. Specifically, Defendants' vehicle was defective for the following reasons:

   a. the roof structure as a system failed to provide adequate safety and failed to protect the survival space;
   b. the roof structure was not crashworthy;
   c. the roof structure failed to maintain the occupant compartment space;
   d. roof crush destroyed restraint system effectiveness;
   e. lack of ejection mitigation glass;
   f. lack of non-tempered glass used in the side glass applications;
   g. lack of rollover side curtains;
   h. the restraint system failed to prevent or minimize vertical and longitudinal excursion.

11. Defendants were negligent of the vehicle in question in that Defendants failed to test its vehicles under rollover conditions to determine how they would perform under dynamic rollover conditions. Further, Defendants failed to perform dynamic vehicle maneuvers to see if the vehicle performed.

12. The foregoing acts and/or omissions of Defendants were a producing and/or proximate cause of the Plaintiffs' damages.

13. The foregoing acts and omissions of Defendants were a producing and/or proximate cause of Michael Peevey's serious injuries.

### E. Damages To Plaintiff

14. As a result of the acts and/or omissions of Defendants, Michael Peevey has suffered pain and suffering, loss of consortium, extreme emotional distress and

mental anguish in the past and, in all likelihood, will into the future as a result of his injuries.

15.  As a result of the acts and/or omissions of Defendants, Plaintiff has become obligated to pay necessary and reasonable medical expenses in the past and will, in all likelihood, into the future as a result of his injuries.

16.  As a result of the acts and/or omissions of Defendants, Michael Peevey has suffered lost wages in the past and in all likelihood, will suffer diminished earning capacity into the future as a result of his injuries.

17.  As a result of the acts and/or omissions of Defendants, Michael Peevey will experience physical impairment and disfigurement as a result of his injuries.

18.  The above and foregoing acts and/or omissions of Defendants, resulting in the injuries to Michael Peevey have caused actual damages to Plaintiff in an amount in excess of the minimum jurisdictional limits of this Court.

### F. Prayer

19.  For the reasons presented herein, Plaintiff prays that the Defendant be cited to appear and answer, and that upon a final trial of this cause, Plaintiff recovers judgment against Defendant for:

    a.  economic and non-economic damages;
    b.  prejudgment and post-judgment interest beginning July 3, 2009;
    c.  costs of suit; and
    d.  all other relief the Court deems proper.

Respectfully submitted,

**The TRACY firm**

_/s/_ E. Todd Tracy_____
E. Todd Tracy (Lead Counsel)
State Bar No. 20178650
etoddtracy@vehiclesafetyfirm.com
I. Scott Lidji
State Bar No. 24000336
slidji@vehiclesafetyfirm.com
5473 Blair Road Suite 200
Dallas, TX 75231
(214) 324-9000 Phone
(972) 387-2205 Fax

**ATTORNEYS FOR PLAINTIFF**